EASTERN DIST.
*March*, 1836.

NICHOLLS
*vs.*
HANSE ET AL.

---

### NICHOLLS *vs.* HANSE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When the question at issue by the pleadings, is whether a certain engine was delivered as a condition, precedent to the defendants' right to take out execution against the plaintiff or not, no evidence will be received to prove damages for the detention and failure to deliver the engine.

This case commenced by a rule to show cause. The defendants took a rule on the plaintiff, to show cause why

execution should not issue against him for the amount of a decree or judgment of the Supreme Court, they having complied with its conditions and requisites on their part.

The plaintiff showed for cause, that a certain engine named in the decree, had not been returned or tendered to him, which was required as a condition precedent to execution issuing.

He further alleges that he had sustained three thousand dollars in damages by the unlawful detention of said engine, and the failure and inability of the defendants to deliver it, for which he prays judgment in reconvention, and a trial by jury, and an injunction to stay execution.

In the course of the trial, the plaintiff offered in evidence the record of the suit between the parties, which had been carried to the Supreme Court, and a decree rendered in favor of the defendants for three thousand two hundred and thirty-five dollars, after deducting the price of an engine, which they were to return. These proceedings were offered with the view to prove the damages the plaintiff had sustained by the detention and non-delivery of the engine. The District Court rejected this evidence as inadmissible, only admitting evidence in relation to the fact of delivery or non-delivery of the engine and its value. The plaintiff excepted to the opinion of the court.

The jury returned a verdict in favor of the defendants, upon which judgment was rendered, making the rule absolute; and that execution issue against the plaintiff for three thousand two hundred and thirty-five dollars, after deducting the value of the engine. The plaintiff appealed.

*Preston,* for the plaintiff and appellant.

*Carleton* and *Lockett,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendants, Hanse & Hepp, by their counsel came into the District Court for the first judicial district, and on suggestion made that they had complied with the terms and

EASTERN DIST.
March, 1836.

NICHOLLS
vs.
HANSE ET AL.

conditions of a certain judgment or decree of the Supreme Court, took a rule on the plaintiff to show cause why an execution should not issue against him, according to the decree of this court.

In answer to the rule, Nicholls replied that the defendants in said decree had neither delivered nor tendered to him, a certain engine mentioned in the decree, and that their detention and deterioration of said engine had caused an injury to him, for which he claims three thousand dollars damages in reconvention.

The issue thus made up on the rule, was submitted to a jury, who, on hearing the evidence of the case, found that the engine had been tendered by the defendants in the decree, to the plaintiff, in such a manner and condition as to discharge them from the obligation of a delivery.

The rule was made absolute, and the plaintiff has appealed to this court. At the trial of the case, the counsel for the plaintiff took a bill of exceptions to the opinion of the court, refusing him the right to offer in evidence the record and testimony of the suit, in which the judgment of this court was rendered, and under which the defendants claim the right to issue execution.

The evidence was offered, 1st. Touching the litigation between the parties on the subject matter of the rule. 2d. To show the damages claimed in reconvention. 3d. To show that the plaintiff was entitled to the small engine in controversy, before the institution of that suit, and had demanded the same. The court below admitted such testimony from the record as would show the engine had been deteriorated by the fault or negligence of the defendants, or establish its value, but for no other purpose. But it refused to allow any evidence in support of the claim for damages, because it considered the inquiry narrowed down to the single question, whether the engine had been delivered. All questions of damages were merged in the decree of the Supreme Court.

When the question at issue by the pleadings, is whether a certain engine was delivered, as a condition precedent to the defendant's right to take out execution against

It appears to us the District Court did not err in its decision on these questions. As to any thing the record showed, the

plaintiff had the benefit of it when the case was before this court on appeal, and the jury were called upon to inquire whether the defendants had complied with the requisites of the judgment or decree pronounced therein.

On the merits, the court below expressed its satisfaction with the verdict of the jury, and we find it supported by the evidence. The verdict and judgment must therefore stand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

